Law Offices of
RANDALL M. WIDMANN
RANDALL M. WIDMANN, St. Bar No. 73154
2479 E. Bayshore Rd., Suite 703
Palo Alto, California  94303
(650) 424-8400

Attorney for Plaintiff
REYNALDO GOLEZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYNALDO GOLEZ,<br><br>                Plaintiff,<br><br>v.<br><br>KERRY, INC. a corporation, DOE ONE through ONE HUNDRED, inclusive,<br><br>                Defendants. | ) No . C-07-05984 SI<br>)<br>) FIRST AMENDED COMPLAINT<br>) FOR VIOLATION OF STATUTES,<br>) UNLAWFUL DISCRIMINATION,<br>) WRONGFUL TERMINATION OF<br>) EMPLOYMENT, INTENTIONAL<br>) INFLICTION OF EMOTIONAL<br>) DISTRESS AND FOR DAMAGES<br>)<br>)<br>)<br>) |

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

     1.     Plaintiff is informed and believes and thereon alleges that Defendant, KERRY, INC. (hereinafter referred to as "Kerry"), is, and at all times herein mentioned was, a corporation authorized to do and doing business in the State of California in the County of Alameda.

     2.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants, DOE ONE through DOE ONE HUNDRED, inclusive, are unknown to Plaintiff who therefore sues such Defendants by such fictitious names, and who will amend the Complaint to show their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each of these Defendants is responsible in some manner for the events and happenings herein referred to and thereby proximately caused the injuries and damages to

**FIRST AMENDED COMPLAINT**                                                                                 1

Plaintiff as herein alleged.

3. Unless otherwise noted herein, each of the Defendants herein was the agent or employee of each of the other remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of said agency or employment.

4. Mr. Golez started his employment with Kerry in July of 2000 as a maintenance mechanic. He always received good performance reviews at the company. On July 13, 2006, while Mr. Golez was at work, he experienced severe headaches, dizziness and blacked out for a few minutes. He broke out in a cold sweat. He immediately informed his lead mechanic that he was going home. He sought treatment for his symptoms and was ultimately diagnosed with a brain tumor. He underwent successful surgery thereafter.

5. Mr. Golez began rehabilitation after the surgery on August 29, 2006. Mr. Golez worked hard to get back to his job, as he is his family's sole breadwinner. He continued to progress. He was cleared to go back to work by his neurosurgeon in early January of 2007. He immediately notified Defendant and provided his release paperwork to the Kerry's human resources representative. Having heard nothing from the human resources representative after a period of time Plaintiff made several calls to her and asked her when he could return to work. She told Mr. Golez to see his speech pathologist and get his discharge papers. He received those papers and again submitted them to the Defendant.

6. On January 20, 2007, again having received no follow-up from the local human resources representative, Plaintiff sent a letter to Defendant, Kerry's, HR department in Wisconsin. He informed Defendant that he had been discharged by both his neurosurgeon and speech pathologist and was prepared to go back to work and that he had submitted his release papers to the local HR representative. Mr. Golez asked for assistance in hastening his return to work as he was not bringing in any income as his short term disability benefits had expired and he had a mortgage and other bills to meet.

7. On January 30th, Plaintiff again contacted the local human resources representative

**FIRST AMENDED COMPLAINT** 2

and asked about the status of his job. He was then told to go see an occupational doctor. He informed Defendant's agent that he had sent a letter to the company headquarters in an effort to speed up his return to work. Plaintiff then met with the occupational doctor who gave him some tests and then referred him to a neuropsychologist. He met with an intern in neuropsychology who gave him a battery of tests. He received a call from the occupational doctor stating that his release papers were ready. Plaintiff again submitted the discharge papers from the doctor to the local human resources representative who promised to call. This took place on March 7, 2007.

8. Again hearing nothing from the local HR representative Plaintiff called her on March 17, 2007. She then informed Plaintiff that he had been terminated on January 15, 2007, "pursuant to company policy."

9. Defendant never attempted to accommodate Mr. Golez despite its affirmative duty to do so.

10. Mr. Golez never received any notification of his California Family Rights Act rights. When Mrs. Golez brought this to the local HR representative's attention the HR representative falsely insisted that she had sent the forms. Further, Plaintiff did not receive any notice of continuing medical benefits and coverage as required by section 2807 of the California Labor Code and the Consolidated Omnibus Budget Reconciliation Act (COBRA) from Defendant resulting in termination of his benefits.

11. As a result of the unlawful actions of Defendant including terminating Plaintiff's employment, Plaintiff suffered severe emotional and mental trauma resulting in an exacerbation of his condition and severely impairing his continuing rehabilitation.

**FIRST CAUSE OF ACTION**
(Unlawful Discrimination)

12. Plaintiff refers to paragraphs 1 through 11 of his **Allegations Common to All Causes of Action** and incorporates them herein by reference as though fully set forth again herein.

13. After his termination Plaintiff filed a complaint against Defendant, Kerry, for violation of § 12940 et seq. of the California Government Code with the California Department

**FIRST AMENDED COMPLAINT**                                                                 3

of Fair Employment and Housing. On August 23, 2007, the California Department of Fair Employment and Housing provided Plaintiff with a letter providing that Plaintiff was free to pursue a civil action against said Defendant.

14. The actions of Defendant, Kerry, as set forth hereinabove were not based on legitimate business needs or concerns.

15. Defendant, Kerry's, actions as alleged herein, constituted unlawful discrimination in employment on account of Plaintiff's physical and mental disability and medical condition in violation of section 12940 (a) of the California Government Code.

16. As a direct and proximate result of said Defendant's actions, Plaintiff has

A. Been damaged in an amount equal to the salary, monies, bonuses, sick leave, vacation benefits, interests and other employment benefits he would have received had he not been harassed, discriminated against and terminated as aforesaid;

B. Been greatly injured and damaged in his person, including his physical, emotional and psychological well being.

The exact amount of the aforesaid damages is not yet fully ascertained and shall be established according to proof at time of trial.

17. The actions of Defendant, Kerry, were done wilfully, with malice, oppression and in conscious disregard of Plaintiff's rights and with the intent to defraud, vex, annoy and harass Plaintiff and Plaintiff is thereby entitled to exemplary and punitive damages from said Defendant in an amount according to proof.

WHEREFORE, Plaintiff prays judgment as hereinafter set forth;

**SECOND CAUSE OF ACTION**
(Failure to Prevent Harassment and Discrimination)

18. Plaintiff refers to paragraphs 1 through 11 of his **Allegations Common to All Causes of Action** and paragraphs 13 through 17 of his **First Cause of Action** and incorporates them herein by reference as though fully set forth again herein.

19. Defendant, Kerry's, actions as alleged herein, constituted a violation of section

**FIRST AMENDED COMPLAINT** 4

12940(i) of the California Government Code due to Kerry's failure to take all reasonable steps necessary to prevent harassment and discrimination of Plaintiff as aforesaid.

20. As a direct and proximate result of said Defendant's actions, Plaintiff has

A. Been damaged in an amount equal to the salary, monies, bonuses, sick leave, vacation benefits, interests and other employment benefits he would have received had he not been harassed, discriminated against and terminated as aforesaid;

B. Been greatly injured and damaged in his person, including his physical, emotional and psychological well being.

The exact amount of the aforesaid damages is not yet fully ascertained and shall be established according to proof at time of trial.

21. The actions of Defendant, Kerry, were done wilfully, with malice, oppression and in conscious disregard of Plaintiff's rights and with the intent to defraud, vex, annoy and harass Plaintiff and Plaintiff is thereby entitled to exemplary and punitive damages from Defendant in an amount according to proof.

WHEREFORE, Plaintiff prays judgment as hereinafter set forth;

### THIRD CAUSE OF ACTION
(Unlawful Retaliation)

22. Plaintiff refers to paragraphs 1 through 11 of his **Allegations Common to all Causes of Action** and paragraphs 13 through 17 of his **First Cause of Action**, paragraphs 19 through 21 of his **Second Cause of Action**, and incorporates them herein by reference as though fully set forth again herein.

23. Defendant, Kerry's, actions as alleged herein, constituted a violation of section 12940(h) of the California Government Code, to wit, unlawful retaliation.

24. As a direct and proximate result of said Defendant's actions, Plaintiff has

A. Been damaged in an amount equal to the salary, monies, bonuses, sick leave, vacation benefits, interests and other employment benefits he would have received had he not been discriminated against and terminated as aforesaid;

**FIRST AMENDED COMPLAINT** 5

    B. Been greatly injured and damaged in his person, including his emotional and psychological well being.

    The exact amount of the aforesaid damages is not yet fully ascertained and shall be established according to proof at time of trial.

    25. The actions of Defendant, Kerry, and Plaintiff's supervisors were done wilfully, with malice, oppression and in conscious disregard of Plaintiff's rights and with the intent to defraud, vex, annoy and harass Plaintiff and Plaintiff is thereby entitled to exemplary and punitive damages from Defendant in an amount according to proof.

    WHEREFORE, Plaintiff prays judgment as hereinafter set forth;

## FOURTH CAUSE OF ACTION
(Wrongful Termination - Public Policy Violation)

    26. Plaintiff refers to paragraphs 1 through 11 of his **Allegations Common to all Causes of Action,** paragraphs 13 through 17 of his **First Cause of Action**, paragraphs 19 through 21 of his **Second Cause of Action**, paragraphs 23 through 25 of his **Third Cause of Action** and incorporates them herein by reference as though fully set forth again herein.

    27. The actions of Defendant in discriminating against Plaintiff and terminating his employment constituted violations of public policy, to wit, violations of §§12940 et. seq. of the California Government Code along with the administrative rules promulgated thereunder, violations of section 12945.2 et seq of the California Government Code and the Consolidated Omnibus Budget Reconciliation Act (COBRA) along with the administrative rules promulgated thereunder, violations of section 2807 of the California Labor Code along with the administrative rules promulgated thereunder, violations of §§1708 of the California Civil Code and violation of Article 1, §1 of the California Constitution.

    28. As a result of the actions and failures to act by Defendant as aforesaid, Plaintiff was wrongfully discharged from his employment by Defendant, Kerry.

    29. As a direct and proximate result of said Defendant's, Kerry's, actions in terminating Plaintiff's employment, Plaintiff has:

**FIRST AMENDED COMPLAINT**      6

A. Been damaged in an amount equal to the salary, monies, interests and benefits he would have received had he continued his employment;

B. Been injured and damaged in his person, including his emotional and psychological well being.

The exact amount of the aforesaid damages is not yet fully ascertained and shall be established according to proof at time of trial.

30. The actions of Defendant, Kerry, were done wilfully, with malice, oppression and in conscious disregard of Plaintiff's rights and with the intent to defraud, vex, annoy and harass Plaintiff and Plaintiff is thereby entitled to exemplary and punitive damages from Defendants in an amount according to proof.

WHEREFORE, Plaintiff prays damages as hereinafter set forth;

## FIFTH CAUSE OF ACTION
(Violation of Statutes - CFRA)

31. Plaintiff refers to paragraphs 1 through 11 of his **Allegations Common to all Causes of Action,** paragraphs 13 through 17 of his **First Cause of Action**, paragraphs 19 through 21 of his **Second Cause of Action**, paragraphs 23 through 25 of his **Third Cause of Action**, paragraphs 27 through 30 of his **Fourth Cause of Action** and incorporates them herein by reference as though fully set forth again herein.

32. As set forth above, Defendant failed to provide Plaintiff with notice of his rights under the California Family Rights Act when it became aware of Plaintiff's health condition requiring surgery and his need for rehabilitation.

33. As a direct and proximate result of said Defendant's, Kerry's, actions Plaintiff has:

A. Been damaged in an amount equal to the salary, monies, interests and benefits he would have not have to use had he been notified;

B. Been damaged in an amount of his salary, monies, interests and benefits he would have had he not been terminated and had been provided notice;

C. Been injured and damaged in his person, including his physcial, emotional and

**FIRST AMENDED COMPLAINT** 7

psychological well being.

The exact amount of the aforesaid damages is not yet fully ascertained and shall be established according to proof at time of trial.

34. The actions of Defendant, Kerry, were done wilfully, with malice, oppression and in conscious disregard of Plaintiff's rights and with the intent to defraud, vex, annoy and harass Plaintiff and Plaintiff is thereby entitled to exemplary and punitive damages from Defendants in an amount according to proof.

WHEREFORE, Plaintiff prays damages as hereinafter set forth;

### SIXTH CAUSE OF ACTION
(Violation of Statutes - 2807 Lab.Code; COBRA)

35. Plaintiff refers to paragraphs 1 through 11 of his **Allegations Common to all Causes of Action,** paragraphs 13 through 17 of his **First Cause of Action**, paragraphs19 through 21 of his **Second Cause of Action**, paragraphs 23 through 25 of his **Third Cause of Action**, paragraphs 27 through 30 of his **Fourth Cause of Action**, paragraphs 32 through 34 of his **Fifth Cause of Action** and incorporates them herein by reference as though fully set forth again herein.

36. As set forth above, Defendant failed to provide Plaintiff with notice of his rights under section 2807 of the California Labor Code and the Consolidated Omnibus Reconciliation Act [COBRA] when his employment was terminated.

37. As a direct and proximate result of said Defendant's, Kerry's, actions Plaintiff has:

A. Been damaged in an amount equal to the insurance and insurance benefits he would have received had he been notified;

B. Been damaged by being deemed to have a preexisting condition under insurance policies he may be able to obtain;

C. Suffered loss of his insurance benefits including treatment and rehabilitation for his injuries and maladies;

D. Been injured and damaged in his person, including his physical, emotional and psychological well being.

**FIRST AMENDED COMPLAINT**                                                             8

The exact amount of the aforesaid damages is not yet fully ascertained and shall be established according to proof at time of trial.

38. The actions of Defendant, Kerry, were done wilfully, with malice, oppression and in conscious disregard of Plaintiff's rights and with the intent to defraud, vex, annoy and harass Plaintiff and Plaintiff is thereby entitled to exemplary and punitive damages from Defendants in an amount according to proof.

WHEREFORE, Plaintiff prays damages as hereinafter set forth;

## SEVENTH CAUSE OF ACTION
(Failure To Accommodate)

39. Plaintiff refers to paragraphs 1 through 11 of his **Allegations Common to All Causes of Action,** paragraphs 13 through 17 of his **First Cause of Action** , paragraphs 19 through 21 of his **Second Cause of Action** and incorporates them herein by reference as though fully set forth again herein.

40. Defendant, Kerry, had an affirmative duty to engage in an interactive process with Plaintiff in order to seek to accommodate Plaintiff's known disability which it failed to do constituting a violation of 12940 (m)(n) of the California Government Code.

41. As a direct and proximate result of said Defendant's actions, Plaintiff has

A. Been damaged in an amount equal to the salary, monies, bonuses, sick leave, vacation benefits, interests and other employment benefits he would have received had he not been provided with an accommodation;

B. Been greatly injured and damaged in his person, including his physcial, emotional and psychological well being.

The exact amount of the aforesaid damages is not yet fully ascertained and shall be established according to proof at time of trial.

42. The actions of Defendant, Kerry, were done wilfully, with malice, oppression and in conscious disregard of Plaintiff's rights and with the intent to defraud, vex, annoy and harass Plaintiff and Plaintiff is thereby entitled to exemplary and punitive damages from said Defendant

in an amount according to proof.

WHEREFORE, Plaintiff prays judgment as hereinafter set forth;

### EIGHTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)

43. Plaintiff refers to paragraphs 1 through 11 of his **Allegations Common to all Causes of Action,** paragraphs 13 through 17 of his **First Cause of Action**, paragraphs19 through 21 of his **Second Cause of Action**,  paragraphs 23 through 25 of his **Third Cause of Action**, paragraphs 27 through 30 of his **Fourth Cause of Action**, paragraphs 32 through 34 of his **Fifth Cause of Action**, paragraphs 36 through 38 of his **Sixth Cause of Action**, and paragraphs 40 through 42 of his **Seventh Cause of Action** and incorporates them herein by reference as though fully set forth again herein.

44. The acts of Defendant, Kerry, as set forth hereinabove, were done intentionally or with reckless disregard of the probability that Plaintiff would suffer sever emotional and mental distress and harm.

45. The acts of Defendant have caused Plaintiff to incur general damages including emotional and mental anguish and distress and suffering, which have caused Plaintiff to become ill, nervous, depressed and upset to the detriment of his health and mental well being in an amount not yet fully ascertained but subject to proof at time of trial.

46. The actions of Defendant, Kerry, were done wilfully, with malice, oppression and in conscious disregard of Plaintiff's rights and with the intent to defraud, vex, annoy and harass Plaintiff and Plaintiff is thereby entitled to exemplary and punitive damages from said Defendant in an amount according to proof.

WHEREFORE, Plaintiff prays judgment as follows:

### FIRST, SECOND, THIRD, FOURTH, FIFTH,
### SIXTH AND SEVENTH  CAUSES OF ACTION

1. Compensatory, general and special damages according to proof at time of trial;
2. Prejudgment interest on all damages at the legal rate;

**FIRST AMENDED COMPLAINT**                                                                                                      **10**

3. Statutory penalties;

4. Attorneys' fees;

5. Punitive damages;

6. Costs of suit incurred herein;

7. Such other and further relief as the Court may award.

### **EIGHTH CAUSE OF ACTION**

1. Compensatory, general and special damages according to proof at time of trial;

2. Prejudgment interest on all damages at the legal rate;

3. Statutory penalties;

4. Punitive damages;

5. Costs of suit incurred herein;

7. Such other and further relief as the Court may award.

DATED: July 25, 2008               /s/
                        RANDALL M. WIDMANN
                         Attorney for Plaintiff

**FIRST AMENDED COMPLAINT**                                                    **11**