1  LANER MUCHIN DOMBROW BECKER
       LEVIN AND TOMINBERG LTD.
2  ROBERT H. BROWN
   515 North State Street – Suite 2800
3  Chicago, IL  60610
   Telephone:  (312) 467-9800
4  Facsimile:  (312) 467-9479
   rbrown@lanermuchin.com
5
   SEDGWICK, DETERT, MORAN & ARNOLD LLP
6  JAMES S. BROWN (Bar No. 135810)
   JENNIFER S. DONNELLAN (Bar No. 210795)
7  1 Market Plaza
   Steuart Tower, 8th Floor
8  San Francisco, CA  94105
   Telephone: (415) 781-7900
9  Facsimile: (415) 781-2635
   james.brown@sdma.com
10 Jennifer.donnellan@sdma.com

11 Attorneys for Defendant
   KERRY INC.
12

13                    **UNITED STATES DISTRICT COURT**
14
                     **NORTHERN DISTRICT OF CALIFORNIA**
15

   REYNALDO GOLEZ,                    )    CASE NO. C-07-05984 SI
16                                     )
                 Plaintiff,            )
17                                     )    **CONFIDENTIALITY AND PROTECTIVE**
                 vs.                   )    **ORDER**
18                                     )
   KERRY, INC., a corporation, DOE ONE )
19 through ONE HUNDRED, inclusive,     )
                                       )
20               Defendant.            )

21
            By and through their respective counsel, the parties to the above-captioned action
22
   stipulate and agree to the request for, and entry of, the following Confidentiality and Protective
23
   Order ("Protective Order"):
24
   DEFINITIONS:  CONFIDENTIAL INFORMATION, QUALIFIED PERSONS
25
            1.      This Protective Order shall govern and be applied on a narrowly tailored
26
   basis to protect documents, materials, items, or information that materially consist of information
27

28

1  that is lawfully entitled to confidential treatment under existing California law (hereinafter

2  "Confidential Information"), such as but not limited to trade secrets defined by California Civil

3  Code § 3426.1(d), financial information under <u>Valley Bank of Nevada v. Superior Court</u> (1975)

4  15 Cal.3d 652, personal information under <u>Hill v. National Collegiate Athletic Assn.</u> (1994)

5  7 Cal.4th 1, personnel records and employee information under <u>Board of Trustees of Leland</u>

6  <u>Stanford University v. Superior Court</u> (1981) 119 Cal.App.3d 516, or that is otherwise protected

7  by article I, section 1 of the California Constitution, or information submitted to a governmental

8  office but subject to a public policy of confidentiality as demonstrated in <u>McCabe v. Snyder</u>

9  (1999) 75 Cal.App.4th 337 (personal information in DMV records is confidential) and <u>Webb v.</u>

10  <u>Standard Oil Co.</u> (1957) 49 Cal.2d 509 (tax returns not discoverable but employing balancing

11  test).  <u>See also, Davis v. Superior Court</u> (1992) 7 Cal. App. 4th 1008; <u>Tylo v. Superior Court</u>

12  (1997) 55 Cal. App. 4th 1379; <u>Boler v. Superior Ct.</u> (1987) 201 Cal. App. 3d 467; <u>Mendez v.</u>

13  <u>Superior Ct.</u> (1988) 206 Cal. App. 3d 557; <u>Britt v. Superior Ct.</u> (1978) 20 Cal. 3d 844.  It is

14  intended that most or all documents to be designated "Confidential" in this matter will be

15  documents containing salary, personnel and other personal information of non-party employees or

16  former employees of Defendant and financial or sales information of Defendant.

17          2.      Confidential Information produced by any party or nonparty as part of

18  discovery in this litigation may be designated by such party or nonparty as:  "Confidential" only

19  under the terms of this Protective Order.  Blanket designation of documents or information as

20  "Confidential Information", en masse and/or without regard to the specific contents of each

21  document or piece of information, is prohibited.  As a general guideline, "Confidential

22  Information" shall be those things that may be disclosed to the parties for the purposes of the

23  litigation, but which must be protected against disclosure to third parties.  Absent a specific order

24  by the Court, once designated as "Confidential," such information shall be used by the parties

25  solely in connection with this litigation, and not for any personal, business, competitive, or

26  governmental purpose or function, and such information shall not be disclosed to anyone except

27  as provided in paragraph 3 below.

28

CONFIDENTIALITY AND PROTECTIVE ORDER          2

1          3.          When information or material has been designated as "Confidential," such

2    information or material or copies or extracts therefrom and compilations and summaries thereof,

3    may be disclosed, summarized, described, characterized, or otherwise communicated or made

4    available in whole or in part only to the following "Qualified Persons":

5                    (a)      a party hereto, an officer, partner, director or managing agent of a

6    party hereto, or in-house counsel of a party having responsibility for or working on this action,

7                    (b)      parties' counsel of record in this action and all regular and

8    temporary employees of such counsel to whom it is necessary that the information or material be

9    shown for purposes of this litigation;

10                    (c)      employees of parties whose assistance is needed by counsel for the

11    purposes of this litigation, subject to and in compliance with paragraph 8 herein;

12                    (d)      consultants and experts retained by counsel in this action subject to

13    paragraph 8;

14                    (e)      the Court and mediators whose services are employed by the parties

15    to this action, pursuant to paragraph 7;

16                    (f)      court reporters employed in connection with this action;

17                    (g)      graphics or design services retained by counsel for a party for the

18    purpose of preparing demonstrative or other exhibits for deposition, trial or other court

19    proceedings in this action, subject to and conditioned upon compliance with paragraph 8 herein;

20                    (h)      experts or trial consulting services retained by counsel for a party,

21    subject to and conditioned upon compliance with paragraph 8 herein;

22                    (i)      witnesses in depositions in accord with paragraph 8;

23                    (j)      any other persons only upon order of the Court or upon prior

24    written consent of the party producing the Confidential Information or material, subject to and

25    conditioned upon compliance with paragraph 8 herein.

26          In the event that any Qualified Person to whom Confidential Information is

27    disclosed ceases to engage in the preparation for trial in this action, access by such Qualified

28

CONFIDENTIALITY AND PROTECTIVE ORDER                                                              3

Person to such documents shall be terminated.  The provisions of this Order shall remain in full force and effect as to any Qualified Person in any subsequent employment.

USE OF CONFIDENTIAL INFORMATION DURING
DISCOVERY, DEPOSITION, MEDIATION, AND TRIAL

4.    "Confidential Information" shall not be made available to persons other than "Qualified Persons" or the party or nonparty who produced the information; except that the parties hereto may use such information in Court proceedings.

5.    The parties hereto may use documents designated as "Confidential" in depositions and mediations, so long as the requirements of this Order are followed.

6.    It is understood among the parties that if documents designated "Confidential" are used in any proceeding, including the trial in this case, the party introducing those documents will take all reasonable steps to protect the confidentiality of the document including, for example, notifying any arbitrator or mediator presiding over a proceeding in which "Confidential" documents are used of the terms and conditions of this Protective Order.

DESIGNATING INFORMATION AS "CONFIDENTIAL"

7.    The designation of information or material as "Confidential" for purposes of this Protective Order shall be made in the following manner by the party or nonparty seeking protection:

(a)    in the case of documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other materials (apart from depositions or other pretrial or trial testimony): by identifying such material as "Confidential" in a cover letter or email, or by affixing the legend "CONFIDENTIAL," as appropriate, to any document containing any confidential information or material at the time such documents are produced or such information is disclosed, or as soon thereafter as the party or nonparty seeking protection becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder; and

1          (b)      in the case of depositions or other pretrial or trial testimony: (i) by a

2  statement on the record, by counsel, during such deposition or other pretrial or trial proceeding

3  that the transcript or a portion thereof shall be designated as "Confidential," as appropriate,

4  hereunder; or (ii) by written notice of such designation sent by counsel to counsel for all other

5  parties within fifteen (15) days after the mailing (via overnight mail) to counsel of the transcript of

6  the deposition. During a deposition, the deponent or his counsel, or any other counsel of record

7  present at the deposition, may invoke the provisions of this Protective Order in a timely manner,

8  giving adequate warning to counsel for the party or nonparty that testimony about to be given is

9  deemed "Confidential."  The parties shall treat all deposition and other pretrial and trial testimony

10  as "Confidential" hereunder until the expiration of fifteen (15) days after the mailing (via

11  overnight mail) to counsel of the transcript of the deposition.  Unless so designated, any

12  confidentiality is waived after the expiration of the 15-day period unless designated in accordance

13  with subparagraphs (i) or (ii) above or otherwise stipulated or ordered. The parties may modify

14  this procedure for any particular deposition or proceeding through agreement on the record at

15  such deposition or proceeding or otherwise by written stipulation, without further order of the

16  Court. If any document or information designated as "Confidential" is used during the course of a

17  deposition, that portion of the deposition record reflecting such confidential information shall be

18  sealed, and stamped with the designated degree of confidentiality, and access thereto shall be

19  limited pursuant to the other terms of this Protective Order.

20  CONDITIONS FOR USE AND ACCESS TO "CONFIDENTIAL" INFORMATION

21          8.      If a non-party or person not employed by a party's counsel is given

22  material designated as "Confidential," (outside of trial) a copy of this Order shall be shown to

23  such individual, and they must complete and sign a copy of an undertaking in the form attached

24  hereto as Exhibit A.  If any such individual refuses to assent to be bound by this Order, disclosure

25  to them of confidential documents shall not be permitted, without further Order of this Court or

26  agreement between the parties.

27

28

OBJECTION TO DESIGNATION AS "CONFIDENTIAL"

     9.    A party may challenge another party's designation of information or materials as "Confidential" by serving a written objection upon the producing party. The producing party shall notify the challenging party in writing of the bases for the asserted designation within ten (10) calendar days after receiving any written objection. The parties shall confer in good faith as to the validity of the designation within ten (10) calendar days after the challenging party has received the notice of the bases for the asserted designation. To the extent the parties are unable to reach an agreement as to the designation, the objecting party may make an appropriate application to this Court within fifteen (15) calendar days after conferring with the producing party, or if no conferring takes place during the ten day meet and confer period (such as a failure by the producing party to respond to the challenging party's request to meet and confer) then, in such case, within fifteen (15) calendar days of the expiration of the ten day meet and confer period the application may be made, with confidential portions thereof to be kept under seal, requesting that specifically identified documents, information, and/or deposition testimony be excluded from the provisions of this Protective Order or downgraded. In any such proceeding, the producing party shall bear the burden of demonstrating that the disputed confidential designation(s) is/are legally warranted. Failure to make an application within this period shall constitute a waiver of the objection. Until a dispute over the asserted designation is finally resolved by the parties or the Court, all parties and persons shall treat the information or materials in question as designated as "Confidential."

MAINTAINING CONFIDENTIAL INFORMATION

     10.    All "Confidential" information and material covered by this Protective Order shall be kept in secure facilities, and access to those facilities shall be permitted only to those designated persons set forth in Paragraphs 3 and 4 and above as persons properly having access thereto.

JURISDICTION TO ENFORCE

     11.    All counsel for the parties who have access to information or material

1   designated as "Confidential" under this Protective Order acknowledge they and all their firm's

2   employees are bound by this Order and submit to the jurisdiction of this Court for the purpose of

3   enforcing this Order.

4   NEW PARTIES BOUND, DURATION OF PROTECTIVE ORDER

5          12.    All new parties hereafter brought into this litigation shall be bound by the

6   terms of this Protective Order.

7          13.    The provisions of this Protective Order shall, absent written permission of

8   the producing party or further order of the Court, continue to be binding throughout and after the

9   conclusion of this action, including without limitation any appeals therefrom. Within sixty (60)

10  days after receiving notice of the entry of an order, judgment or decree finally disposing of this

11  action, including any appeals therefrom, all persons having received information or material

12  designated as "Confidential" hereunder shall return such material and all copies thereof (including

13  summaries and excerpts) to counsel for the producing party, or shall certify destruction thereof.

14  Counsel described in paragraph 3(a) and 3(b) above shall be entitled to retain court papers,

15  deposition and trial transcripts and attorney work product (including court papers, transcripts, and

16  attorney work product that contain information or material designated as "Confidential") provided

17  that such counsel, and employees of such counsel, shall not disclose any such information and

18  material designated as "Confidential" contained in such court papers, transcripts, or attorney work

19  product to any person or entity except pursuant to court order or a written agreement with the

20  producing party of the information or material. All materials returned to the parties or their

21  counsel by the Court likewise shall be disposed of in accordance with this paragraph.

22         14.    In the event that any information or material designated as "Confidential"

23  hereunder is used in any court proceeding in this action or any appeal therefrom, such information

24  or material shall not lose its status as "Confidential" through such use.  Counsel for the parties

25  shall confer on such procedures as are necessary to protect the confidentiality of any documents,

26  information and transcripts used in the course of any court proceedings, and shall incorporate

27  such procedures, as appropriate, in the pretrial order.

28

CONFIDENTIALITY AND PROTECTIVE ORDER                                                           7

1  RETURN OF DESIGNATED DOCUMENTS

2        15.      At the conclusion of this litigation, upon request by the party producing

3  them, all copies and extracts of documents designated as "Confidential" shall be returned to the

4  party who produced them.

5        16.      It is the present intention of the parties that the provisions of this Protective

6  Order shall govern discovery and other pretrial and trial proceedings in this action.  Nonetheless,

7  each of the parties hereto shall be entitled to seek modification of this Protective Order by

8  application to the Court on notice to the other party hereto for good cause.

9        17.      The parties agree to be bound by the terms of this Protective Order

10  pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory

11  to all parties, and any violation of its terms shall be subject to the same sanctions and penalties as

12  if the Protective Order had been entered by the Court.

13

14  Dated:  August 20, 2008                    /s/Randall Widmann
                                               Randall Widmann
15                                             Attorney for Plaintiff

16

17  Dated:  August 20, 2008                    /s/Robert H. Brown
                                               Robert H. Brown
18                                             Attorney for Defendant

19

20

21

22

23

24

25

26

27

28

1

**ORDER**

IT IS SO ORDERED.

2

3

4    Dated: _____, 2008

_____

5                                                            Susan Ilston
                                                            United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ACKNOWLEDGMENT OF _____

I, _____, do hereby declare:
        (print name)

    1.    My address is _____

_____.

My present occupation is _____.

    2.    I have read a copy of the CONFIDENTIALITY AND PROTECTIVE ORDER ("Protective Order") in the action entitled Golez v. Kerry, Inc. (the "Litigation"), pending in the United States District Court for the Northern District of California, 3:07-CV-5984-SI, and understand the provisions of the Protective Order.

    3.    I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use except for purposes of the Litigation, any information designated "Confidential" that I receive in the Litigation.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed this _____ day of _____, 2008 at _____.

                                    _____
                                        (Signature)

                                    _____
                                        (Print Name)

**EXHIBIT A**