IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYNALDO GOLEZ, | No. C 07-05984 SI |
|     Plaintiff, | **ORDER RE: PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY and FOR RECONSIDERATION** |
| v. | |
| KERRY, INC., | |
|     Defendant. | |

    On November 4, 2008, this Court granted defendant's motion to continue the deadline for filing dispositive motions until November 11, 2008. [Docket No. 44] On November 7, 2008, plaintiff filed a motion for the Court to reconsider its November 4 Order. [Docket No. 45] Plaintiff states that he was not aware that defendant had moved for a continuance due to difficulties with his office internet connection. Defendant's motion for summary judgment is scheduled for hearing on December 19, 2008, but plaintiff's counsel is not available on that day. The Court does not find that the other arguments raised by plaintiff warranted any adjustment to the calendar. Accordingly, the Court directs the parties to confer and to reschedule defendant's motion for 4:00 pm on December 15, 16, 17 or 18.

    On September 23, 2008, plaintiff filed a letter brief requesting that this Court compel defendant to produce witnesses to testify on the topics listed in exhibit A of plaintiff's amended notice of deposition, and to produce documents responsive to topics listed in exhibit B of plaintiff's amended notice of deposition. [Docket No. 38]

    According to defendant, counsel for defendant appeared with three witnesses at the offices of plaintiff's counsel on September 9, 2008 in response to plaintiff's corporate deposition notice under Federal Rule of Civil Procedure 30(b)(6). [Docket No. 39] One witness and defendant's corporate

1 counsel had flown to the meeting from out of state. The witnesses were prepared to testify on certain 2 topics listed in plaintiff's notice of deposition, but defendant objected to plaintiff's requests for 3 testimony on other topics. At the meeting, counsel for defendant maintained that 17 of the 23 categories 4 of documents requested by plaintiff were duplicative of an earlier request by plaintiff, but agreed to 5 produce documents responsive to the 6 purportedly non-duplicative requests. Plaintiff's counsel 6 adjourned the deposition without questioning any witnesses in protest over defendant's failure to comply 7 fully with plaintiff's requests for production. Defendant seeks monetary sanctions for plaintiff's failure 8 to complete the scheduled deposition and requests that plaintiff be precluded from reconvening the 9 corporate deposition. Plaintiff has failed to file a reply and has not disputed defendant's version of what 10 transpired at the September 9 meeting.

11 The transcript of the September 9 meeting reveals that plaintiff's motion to compel was 12 premature. *See* Plaintiff's Letter Brief, attachment ("Transcript"). [Docket No. 38] Plaintiff's counsel 13 began the proceeding by asking whether defendant had changed its position on its objections. When 14 defendant responded that it withdrew two objections but stood by the others, plaintiff terminated the 15 deposition. *See* Transcript, at 6:22-23. At defense counsel's urging, the lawyers proceeded to review 16 all of defendant's objections. *See id.*, at 9:5-8.

17 The Court finds that many of plaintiff's requests violate the requirement in Federal Rule of Civil 18 Procedure 30(b)(6) for a notice to "describe with reasonable particularity the matters for examination." 19 At the deposition, defense counsel repeatedly proposed reasonable limitations on plaintiff's requests, 20 but plaintiff's counsel did not consider any proposals. Had plaintiff's counsel permitted the deposition 21 to continue, he could have moved to compel specific testimony if defendant's witnesses were not 22 sufficiently responsive to plaintiff's deposition notices. Instead, plaintiff's counsel summarily 23 terminated the meeting. The Court will not preclude plaintiff from reconvening the corporate 24 deposition. If he chooses to do so, however, plaintiff's counsel must bear the cost of defendant's travel 25 expenses for the reconvened deposition.

26 The Court rules as follows regarding defendant's objections to plaintiff's Rule 30(b)(6) 27 deposition notices:

28 •       Topics 7, 15, and 27: Defendant has withdrawn these objections. *See* Transcript, at 6:

2

15-21, 19: 18.

- Topic 10: Defendant has agreed to supply a witness to testify on personnel (or human resources) policies and procedures and compensation/benefits policies in effect during plaintiff's employment. *See* Transcript, at 9:23-11:7. The Court finds that defendant's limitation is reasonable.

- Topic 11: Defendant maintains that the witness designated for topic 10 will also be able to testify on policies and procedures relating to employees with disabilities. *See id.*, at 11: 16-22.

- Topic 13: Defendant has agreed to supply a witness to testify on accommodations for injured and disabled employees at the facility where plaintiff worked. *See id.*, at 11:24-12:18. The Court finds that defendant's limitation is reasonable, but that the applicable time period should begin in 2000.
    Plaintiff's notice refers only to the facility where plaintiff worked, but he indicated to defense counsel that this request extends to all of defendant's locations around the country. Plaintiff's motion to compel is DENIED to the extent he seeks testimony about facilities other than the one where plaintiff worked. In addition, plaintiff's request for testimony relating to procedures from before 2000 is DENIED because defendant did not own the facility before that date. *See id.* at 12:3-4.

- Topic 14: Defendant agrees to produce a witness to testify about plaintiff's job duties. The Court finds that this limitation is reasonable but also orders defendant to produce a witness to testify about any changes made to the job duties of the person who replaced plaintiff.

- Topic 15: Defendant has offered to produce a witness to testify about defendant's compensation and benefits policies during plaintiff's employment. *See id.* at 13:1-20. The Court finds that this limitation is reasonable but also orders defendant's witness to testify about the value of the benefits plaintiff received.

- Topic 16: Defendant stated that plaintiff's request for testimony on all other jobs for which plaintiff was qualified is not applicable because defendant was not qualified for any other jobs. *See id.*, at 14:1-7. Defendant is ordered to produce a witness who can testify that plaintiff was not qualified for any other job.

- Topic 17: Plaintiff's request for testimony on the "identity and nature of injury or disability of employees" is duplicative of topic 13. To the extent it is not duplicative, it is DENIED as overbroad.

- Topic 18: Plaintiff requested testimony on insurance coverage for acts alleged in this matter. Defendant will produce a witness to testify about the existence of a policy and has produced the actual policy. *See id.* at 15:18-24. To the extent plaintiff seeks additional information, his request is DENIED as vague.

- Topic 20: Plaintiff seeks testimony about the "authority of Margie Rogers to bind Defendant and/or act on its behalf." Defendant will produce witnesses to testify about Rogers' job duties and her level of authority. *See id.* at 16:8-19. The Court finds that plaintiff's request is vague, and that defendant's interpretation of plaintiff's request is reasonable.

- Topics 25 and 26: Plaintiff seeks testimony about the "factual basis for defendant's affirmative defenses" and "witnesses who defendant reasonably believes can provide testimony which will defeat and/or diminish any or all of plaintiff's claims." Plaintiff

3

relies on *Protective Nat. Ins. Co. of Omaha v. Commonwealth Ins. Co.*, 137 F.R.D. 267 (D. Neb. 1989) for the proposition that a deponent company must produce witnesses in response to this designation. *Protective* is not nearly as broad as plaintiff suggests. In that case, the deposition notice "was specific regarding the matters about which the deponent would be required to testify" and the court held that the attorney-client privilege did not bar production of the underlying facts. *Id.* at 278-79. Plaintiff's request is overbroad and vague; *Protective* does not hold otherwise. Plaintiff's requests for production are DENIED.

The Court cannot rule on plaintiff's motion to compel document production because plaintiff's motion is not sufficiently specific. Plaintiff requested production of 23 sets of documents. At the September 9 deposition, defense counsel stated that, notwithstanding defendant's objection that plaintiff's requests were duplicative, counsel had appeared with copies of all documents previously produced and was prepared to produce documents responsive to plaintiff's six non-duplicative requests. If the parties reconvene the Rule 30(b)(6) deposition and if defendant fails to produce documents that are responsive to plaintiff's requests, plaintiff may renew his motion to compel. If he does so, however, he cannot file a blanket motion to compel all 23 items. He must state specifically which items defendant has failed to produce and must provide argument for why production of each item should be compelled.

**IT IS SO ORDERED.**

Dated: 11/18/08

SUSAN ILLSTON
United States District Judge