IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYNALDO GOLEZ, | No. C 07-05984 SI |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |
| v. | **[Docket No. 71]** |
| KERRY, INC. and DOES 1-100, | |
| Defendants. | |

On November 25, 2008, the Court issued an order denying plaintiff's motion to deny or continue defendant's motion for summary judgment, which is currently scheduled for hearing on December 19, 2008. [Docket No. 68] The Court's November 25 Order responded to a motion filed by plaintiff on November 19, 2008. [Docket No. 60] Plaintiff's opposition to defendant's summary judgment motion was due to be filed on December 1, 2008. The Court issued its decision on November 25th, without waiting for plaintiff's reply brief, in order to give plaintiff guidance before the deadline for his opposition brief. Nonetheless, plaintiff filed his reply brief on November 25th [Docket No. 69] (after the Court's Order was filed) and on December 1, instead of filing an opposition, moved for leave to file a motion for reconsideration of the Court's November 25th Order. [Docket No. 71]

Plaintiff states two grounds for his motion for leave to file a motion for reconsideration: (1) the Court failed to consider his reply brief and (2) the Court failed to consider material facts and dispositive legal arguments in its November 25 Order. The Court is not persuaded that these grounds warrant reconsideration of the Court's November 25 Order. First, the Court has now considered plaintiff's reply brief. None of the issues raised in this brief were material to the Court's November 25 Order. Second, the Court's November 25 Order was based on its assessment that plaintiff terminated his Rule 30(b)(6)

deposition of defendant without good cause. The Court made this determination based largely on its careful consideration of the twenty-two-page transcript of the September 9 deposition, attached as an exhibit to plaintiff's September 23 letter brief to the Court. [Docket No. 38] Scheduling conflicts and purported delays by defendant before September 9, which plaintiff describes in his instant motion and reply brief, do not alter the Court's decision that plaintiff wasted resources and caused unnecessary delay by terminating the deposition without questioning any of defendant's witnesses.

The Court does not doubt that plaintiff's Rule 30(b)(6) deposition of defendant is important to plaintiff's case. That is why, in its November 18, 2008 Order re: Plaintiff's Motions to compel Discovery and for Reconsideration [Docket No. 59], the Court gave plaintiff leave to reconvene the deposition. Plaintiff knew then that his opposition brief would be due on December 1, 2008. While this briefing schedule is more condensed than plaintiff would have liked, plaintiff would not be facing this situation if he had not terminated the September 9 deposition.

Plaintiff's opposition to defendant's summary judgment motion is now two days late. The Court will grant plaintiff a brief extension. Plaintiff's opposition is due on December 8, 2008. Defendant's reply brief is due on December 15, 2008. **The Court will not consider further requests from plaintiff for alterations to the briefing schedule**.

**IT IS SO ORDERED.**

Dated: 12/3/08

SUSAN ILLSTON
United States District Judge