United States District Court
For the Northern District of California

1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    REYNALDO GOLEZ,                          No. C 07-05984 SI

9             Plaintiff,                      **ORDER GRANTING IN PART
                                              DEFENDANT'S MOTION FOR**
10     v.                                     **SUMMARY JUDGMENT**

11   KERRY, INC. and DOES 1-100, inclusive,

12           Defendants.
                                          /
13

14        Defendant Kerry, Inc. moved for summary judgment on plaintiff Reynaldo Golez's claims

15   arising from plaintiff's termination from his job as a maintenance mechanic at one of defendant's

16   factories.  In its December 29, 2008 Order [Docket No. 76], this Court granted defendant's motion on

17   some claims and denied it on others.  The Court also gave plaintiff leave to file a supplemental

18   opposition to defendant's motion with regard to plaintiff's claims for intentional infliction of emotional

19   distress and punitive damages.  Now before the Court is defendant's motion for summary judgment on

20   these claims.  Pursuant to Civil Local Rule 7-1(b), the Court finds that this matter is appropriate for

21   resolution without oral argument.  Having considered the arguments of the parties and the papers

22   submitted, and for good cause shown, the Court rules as follows.

23

24                                **BACKGROUND**

25        The facts of this case were set out in this Court's December 29 Order.  In that order, the Court

26   denied defendant's motion for summary judgment on the issues of unlawful discrimination, failure to

27   prevent discrimination, wrongful termination, failure to engage in an interactive process, and back and

28   front pay; and granted defendant's motion on plaintiff's unlawful retaliation, CFRA, and COBRA

1   claims.  The Court allowed further briefing on plaintiff's claims for intentional infliction of emotional

2   distress and for punitive damages following defendant's corporate deposition on January 8, 2009.

3

4                                           **LEGAL STANDARD**

5          Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and

6   admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

7   material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P.

8   56(c).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of

9   material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The moving party, however, has

10  no burden to negate or disprove matters on which the non-moving party will have the burden of proof

11  at trial.  The moving party need only demonstrate to the Court that there is an absence of evidence to

12  support the non-moving party's case. *See id.* at 325.

13         The burden then shifts to the non-moving party to "designate 'specific facts showing that there

14  is a genuine issue for trial.'"  *Id*. at 324 (quoting Fed. R. Civ. P. 56(e)).  To carry this burden, the

15  non-moving party must "do more than simply show that there is some metaphysical doubt as to the

16  material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

17  "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which

18  the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

19  242, 252 (1986).

20         In deciding a summary judgment motion, the evidence is viewed in the light most favorable to

21  the non-moving party, and all justifiable inferences are to be drawn in its favor. *Id*. at 255.  "Credibility

22  determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts

23  are jury functions, not those of a judge [when she] is ruling on a motion for summary judgment." *Id*.

24  The evidence presented by the parties must be admissible.  Fed. R. Civ. P. 56(e).  Conclusory,

25  speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and

26  defeat summary judgment. *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

27

28  //

*United States District Court*
*For the Northern District of California*

                                                    2

**DISCUSSION**

**1.    Punitive Damages**

California Civil Code § 3294(b) provides:

> An employer shall not be liable for [punitive] damages . . . , based upon acts of an employee of the employer, unless the employer had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice.

"Malice" is defined as "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." Cal. Civ. Code § 3294(c). "Oppression" is defined as "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights." Cal. Civ. Code § 3294(c).

If, as in this case, the employer is a corporation, "the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation." *See* Cal. Civ. Code § 3294(b). "The determination whether employees act in a managerial capacity . . . does not necessarily hinge on their 'level' in the corporate hierarchy. Rather, the critical inquiry is the degree of discretion the employees possess in making decisions that will ultimately determine corporate policy." *Egan v. Mutual of Omaha Ins. Co.*, 24 Cal.3d 809, 822-23 (Cal. 1979); *see also White v. Ultramar, Inc.*, 21 Cal.4th 563, 566-67 (Cal. 1999) ("[W]e conclude the Legislature intended the term 'managing agent' to include only those corporate employees who exercise substantial independent authority and judgment in their corporate decisionmaking so that their decisions ultimately determine corporate policy.").

Plaintiff's claim for punitive damages cannot survive summary judgment for two reasons. First, defendant contends that none of the employees who were involved in the decision to terminate plaintiff was an officer, director, or managing agent of defendant company. In response, plaintiff fails to cite any evidence establishing that there is a factual dispute on this issue. According to plaintiff, the employees involved in the decision to terminate plaintiff were Margarita Rogers (maintenance utility and human resources benefits clerk at the plant), Remi Bisson (maintenance manager at the plant), and Julie Horras (human resources manager). Plaintiff merely relates the job titles of these individuals; he does not cite

3

**United States District Court**
For the Northern District of California

1    any evidence indicating that they made decisions that determined corporate policy.[1]

2    Second, plaintiff claimed in the first round of briefing that summary judgment on punitive

3    damages was premature because the corporate deposition would reveal that the safety concerns cited

4    by defendant were pretextual.  In his supplemental briefing, plaintiff does not mention the issue of

5    pretext.  Instead, plaintiff argues that punitive damages are warranted because defendant had a

6    discriminatory policy and with advance knowledge authorized and ratified actions that constituted a

7    failure to accommodate, discrimination, wrongful termination, and failure to engage in the interactive

8    process.  In support of his "policy" theory, plaintiff cites deposition testimony that defendant had a

9    policy that employees could not come back to work unless they obtained a physician's release without

10   restrictions.  *See* Decl. of Randall M. Widmann in Supp. of Pl. Opp. to Def. Mot. for Summ. J.

11   ("Widmann Decl."), at ex. A (Rogers Depo.), Tr. 24:11-16.

12   Assuming that defendant had a policy that machine mechanics could not return to work unless

13   a doctor determined that no work restrictions were necessary, the mere existence of this policy does not

14   amount to "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard

15   of that person's rights" or "conduct which is intended by the defendant to cause injury to the plaintiff

16   or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the

17   rights or safety of others."  *See* Cal. Civ. Code § 3294(c).[2]  Indeed, plaintiff cites no evidence

18   challenging defendant's deposition testimony that plaintiff's supervisors acted solely out of concern for

19   the safety of plaintiff and his co-workers.  *See, e.g.*, Decl. of Robert H. Brown in Supp. of Def. Reply

20   in Supp. of Mot. for Summ. J., at ex. B (Horras Depo.), Tr. 42:1-11; *id*., ex. A (Bisson Depo.), Tr. 60:4-

21

---

22   [1] Plaintiff contends that Horras reported to Chester Brock, defendant's director of human resources.  Assuming for the sake of argument that Brock is an officer, director or managing agent
23   within the meaning of § 3294(b), plaintiff does not cite any evidence suggesting that Brock had advance knowledge of Horras' acts and ratified or authorized them. Moreover, the deposition testimony plaintiff
24   cites in support of his contention that Horras reported to Brock does not even mention Brock. *See* Widmann Decl., at ex. C, Tr. 17:20-19:13.
25

26   [2] None of the authorities cited by plaintiff hold otherwise.  Indeed, they demonstrate that the facts presented by this case cannot reach the extreme indifference threshold required for punitive
27   damages. *Cf. Wysinger v. Auto. Club of S. Cal.*, 157 Cal. App. 4th 413, 428 (Cal. Ct. App. 2007) (extreme indifference found where supervisor said, "It doesn't matter what you did for this company
28   in the last 30 . . . years.  None of that matters.  And you can die at your desk.  We'll replace you tomorrow.  Nobody cares.").

1    7.

2        Accordingly, defendant's motion for summary judgment on plaintiff's claim for punitive

3    damages is GRANTED.

4

5    **2.       Intentional Infliction of Emotional Distress**

6        The elements of intentional infliction of emotional distress are:  (1) extreme and outrageous

7    conduct by the defendant with the intention of causing, or reckless disregard of the probability of

8    causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3)

9    actual and proximate causation of the emotional distress by the defendant's outrageous conduct.

10   *Cervantez v. J. C. Penney Co.*, 24 Cal. 3d 579, 593 (Cal. 1979) (citations omitted).  "For [c]onduct to

11   be outrageous [it] must be so extreme as to exceed all bounds of that usually tolerated in a civilized

12   community." *Id.* (citations omitted).

13       Again, plaintiff claimed in the earlier round of briefing that summary judgment on this issue was

14   premature because the corporate deposition would reveal that safety concerns cited by defendant were

15   pretextual.  Plaintiff cites no evidence suggesting defendant's acts were outrageous or contradicting

16   defendant's deposition testimony that plaintiff's supervisors were concerned about his safety and that

17   of other employees.  He instead relies on cases that are inapposite because they involve far more

18   extreme acts than those at issue here. *See, e.g.*, *Huber v. Standard Ins. Co.*, 841 F.2d 980, 981 (9th Cir.

19   1988) (evidence tended to show that the way in which the plaintiff was wrongfully terminated would

20   humiliate and degrade him, and that the employer abused its power to humiliate the plaintiff); *Robinson*

21   *v. Hewlett-Packard Corp.*, 183 Cal. App.3d 1108, 1130 (Cal. Ct. App. 1986) (plaintiff cited evidence

22   that supervisor had intentionally insulted plaintiff "and his race.").

23       Accordingly, defendant's motion for summary judgment on this issue is GRANTED.

24

25   **3.       Reconsideration of this Court's Prior Order Concerning Front and Back Pay**

26       Defendant requests that the Court reconsider its prior order denying defendant's motion for

27   summary judgment on the issues of front and back pay.  The Court denied defendant's claim because

28   defendant cited no authority establishing that the Title VII rule concerning back pay applies in the

*United States District Court*
For the Northern District of California

1   FEHA context.  *See* Dec. 29 Order, at *10.  At oral argument, the Court gave defense counsel an

2   opportunity to cite authorities in support of his motion, but counsel responded that he had not found

3   any.  Now defendant asks the Court to consider several cases, all of which could have been identified

4   by defendant in the earlier round of briefing.  The Court will not do so as defendant has not made the

5   showing necessary for a motion for reconsideration.  *See* Local Rule 7-9(b).  In any event, none of the

6   authorities cited by defendant establishes that the rule on the tolling of backpay liability from *Ford*

7   *Motor Co. v. E.E.O.C.*, 458 U.S. 219, 228-29 (1982) applies to the FEHA.  Accordingly, defendant's

8   motion for reconsideration of this issue is DENIED.

9

10                                           **CONCLUSION**

11          Defendant's motion for summary judgment on plaintiff's claims for punitive damages and

12   intentional infliction of emotional distress is GRANTED.

13

14          **IT IS SO ORDERED.**

15

16   Dated: 1/27/09                                       _____

17                                                        SUSAN ILLSTON
                                                          United States District Judge

18

19

20

21

22

23

24

25

26

27

28

6